**United States District Court**
For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8    JAMSHID S. KASHANNEJAD,                         No. C-11-2228 EMC
9              Plaintiff,
10         v.                                        **ORDER RE SUPPLEMENTAL
                                                     BRIEFING**
11   UNITED STATES CITIZENSHIP AND
     IMMIGRATION SERVICES, *et al.*,                 **(Docket No. 33)**
12
             Defendants.
13   _____/
14
15
16         The Court previously issued an order granting Plaintiff Jamshid S. Kashannejad's emergency
17   motion for stay.  After reviewing the Court's order, Mr. Kashannejad submitted a supplemental
18   brief.  *See* Docket No. 33 (response).  That brief was not requested by the Court.  However, the brief
19   provides some clarity with respect to the relief requested by Mr. Kashannejad in his motion for
20   partial summary judgment.
21         More specifically, given the supplemental brief, it appears that Mr. Kashannejad is seeking
22   not only a Court order permitting his return to the United States but also an order barring Defendants
23   from commencing deportation proceedings against him (upon his return) until *after* the LTR
24   termination proceedings are completed (presumably, not in his favor).  Essentially, Mr. Kashannejad
25   contends that Defendants should be estopped or otherwise precluded from initiating deportation
26   proceedings until after the LTR termination proceedings are resolved because, on August 25, 1995,
27   as a part of another case he initiated against the agency then-known as the Immigration and
28   Naturalization Service ("INS"), the government represented to another judge on this Court (Judge

**United States District Court**
For the Northern District of California

1   Legge) that the termination of Mr. Kashannejad's LTR status was a condition precedent to the

2   commencement of deportation proceedings.[1]  *See* Compl., Ex. F (Reply at 4).  Judge Legge appears

3   to have relied on this representation by the government in dismissing the case.  *See* Compl., Ex. G

4   (Order at 2) (stating that Mr. Kashannejad's petition to expunge an INS detainer was moot, in part

5   because "the INS determined that it would not initiate deportation proceedings against petitioner

6   until after his lawful temporary resident status had been terminated").

7          Because Mr. Kashannejad did not squarely raise the above argument until his supplemental

8   brief of September 17, 2011, the Court shall now give Defendants an opportunity to respond to that

9   argument.  More specifically, the Court orders Defendants to file a supplemental brief responding to

10  the above argument.  The brief shall be no longer than seven (7) pages and shall be filed within a

11  week of the date of this order.  Absent further order from the Court, Mr. Kashannejad shall not be

12  permitted to file a response to Defendants' supplemental brief.

13

14         IT IS SO ORDERED.

15

16  Dated:  September 21, 2011

17

18                                                    _____
                                                      EDWARD M. CHEN
19                                                    United States District Judge

20

21

22

23         [1] In support of that statement, the government cited *Matter of Medrano*, 20 I. & N. 216
24  (1990).  There, the Board of Immigration Appeals stated that the immigration regulations "regarding
    termination of temporary residence clearly contemplate that the termination process will precede the
25  commencement of deportation proceedings against an alien."  *Id.* at 218.  While Defendants have
    correctly noted in other papers that *Medrano* has been abrogated by regulation, *see* 60 Fed. Reg.
26  21039 (May 1, 1995); 8 C.F.R. § 245a.2(u)(2)(ii), that regulation permitting deportation proceedings
    prior to termination of LTR status went into effect on May 31, 1995 -- *i.e.*, prior to the date that the
27  government represented to Judge Legge that "INS is required to terminate, as a condition precedent
    to the commencement of deportation proceedings, the lawful temporary resident status of an alien
28  who commits a deportable offense after he has acquired temporary residence in this country."
    Compl., Ex. F (Reply at 4).