UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD, | No. C-11-2228 EMC |
| Plaintiff, | |
| v. | **ORDER RE SUPPLEMENTAL BRIEFING** |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, | **(Docket No. 33)** |
| Defendants. | |
| _____/ | |

The Court previously issued an order granting Plaintiff Jamshid S. Kashannejad's emergency motion for stay. After reviewing the Court's order, Mr. Kashannejad submitted a supplemental brief. *See* Docket No. 33 (response). That brief was not requested by the Court. However, the brief provides some clarity with respect to the relief requested by Mr. Kashannejad in his motion for partial summary judgment.

More specifically, given the supplemental brief, it appears that Mr. Kashannejad is seeking not only a Court order permitting his return to the United States but also an order barring Defendants from commencing deportation proceedings against him (upon his return) until *after* the LTR termination proceedings are completed (presumably, not in his favor). Essentially, Mr. Kashannejad contends that Defendants should be estopped or otherwise precluded from initiating deportation proceedings until after the LTR termination proceedings are resolved because, on August 25, 1995, as a part of another case he initiated against the agency then-known as the Immigration and Naturalization Service ("INS"), the government represented to another judge on this Court (Judge

1  Legge) that the termination of Mr. Kashannejad's LTR status was a condition precedent to the
2  commencement of deportation proceedings.[1] *See* Compl., Ex. F (Reply at 4). Judge Legge appears
3  to have relied on this representation by the government in dismissing the case. *See* Compl., Ex. G
4  (Order at 2) (stating that Mr. Kashannejad's petition to expunge an INS detainer was moot, in part
5  because "the INS determined that it would not initiate deportation proceedings against petitioner
6  until after his lawful temporary resident status had been terminated").

Because Mr. Kashannejad did not squarely raise the above argument until his supplemental brief of September 17, 2011, the Court shall now give Defendants an opportunity to respond to that argument. More specifically, the Court orders Defendants to file a supplemental brief responding to the above argument. The brief shall be no longer than seven (7) pages and shall be filed within a week of the date of this order. Absent further order from the Court, Mr. Kashannejad shall not be permitted to file a response to Defendants' supplemental brief.

IT IS SO ORDERED.

Dated: September 21, 2011

_____
EDWARD M. CHEN
United States District Judge

---

[1] In support of that statement, the government cited *Matter of Medrano*, 20 I. & N. 216 (1990). There, the Board of Immigration Appeals stated that the immigration regulations "regarding termination of temporary residence clearly contemplate that the termination process will precede the commencement of deportation proceedings against an alien." *Id.* at 218. While Defendants have correctly noted in other papers that *Medrano* has been abrogated by regulation, *see* 60 Fed. Reg. 21039 (May 1, 1995); 8 C.F.R. § 245a.2(u)(2)(ii), that regulation permitting deportation proceedings prior to termination of LTR status went into effect on May 31, 1995 -- *i.e.*, prior to the date that the government represented to Judge Legge that "INS is required to terminate, as a condition precedent to the commencement of deportation proceedings, the lawful temporary resident status of an alien who commits a deportable offense after he has acquired temporary residence in this country." Compl., Ex. F (Reply at 4).