UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO ALTER**<br><br>**(Docket No. 42)** |

Previously, the Court granted in part and denied in part Plaintiff Jamshid S. Kashannejad's motion for partial summary judgment and granted in part and denied in part Defendants' motion to dismiss, or in the alternative, cross-motion for summary judgment. *See* Docket No. 40 (order). Mr. Kashannejad has now filed a motion in which he asks the Court to alter, amend, modify, or otherwise reconsider its decision. Having reviewed the papers submitted, the Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for December 23, 2011. The Court hereby **DENIES** Mr. Kashannejad's request for relief.

**I. DISCUSSION**

A. Motion to Reconsider

As a preliminary matter, the Court notes that Mr. Kashannejad has characterized his motion in multiple ways – namely, as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), as a motion for relief from a final judgment or order pursuant to Federal Rule of Civil Procedure 60(b), as a motion to amend or add findings pursuant to Federal Rule of Civil Procedure 52, and as a motion for reconsideration.

1 Rule 52 clearly has no applicability. The rule deals with findings of fact and conclusions of law made by a court in a bench (*i.e.*, nonjury) trial. Here, the Court did not issue any findings of fact and conclusions of law in conjunction with a trial but rather simply made a summary judgment ruling.

Likewise, Rules 59(e) and 60(b) are not applicable. Rule 59(e) requires entry of a judgment, and Rule 60(b) requires a final judgment or order. Neither has occurred in the instant case.[1] *See, e.g.*, 12-60 Moore's Fed. Prac. – Civ. § 60.23 (stating that "Rule 60(b) does not govern relief from interlocutory orders, that is to say any orders in which there is something left for the court to decide after issuing the order").

The Court therefore shall address Mr. Kashannejad's motion as a motion to reconsider only. Under Civil Local Rule 7-9, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). A party seeking leave to file a motion to reconsider

> must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

B. "Points of Correction"

In his motion to reconsider, Mr. Kashannejad first asks the Court to correct factual errors in its summary judgment order. The Court denies this request for relief. The statements the Court

---

[1] Moreover, the grounds for relief under Rules 59(e) and 60(b) are extremely limited, and Mr. Kashannejad has made no argument as to how he has satisfied any of those grounds.

United States District Court
For the Northern District of California

made about Mr. Kashannejad's prior convictions were not material to its decision on summary judgment. *See* Civ. L.R. 7-9(b)(3) (requiring a manifest failure by the court to consider *material* facts). That is, nothing about the Court's summary judgment order rested on the evidence of his prior convictions. Furthermore, contrary to what Mr. Kashannejad suggests, the Court made no binding factual findings that Mr. Kashannejad was convicted of the crimes. Finally, at best, Mr. Kashannejad's evidence – *i.e.*, the rap sheet – would simply make the convictions disputed facts. In other words, the rap sheet is not conclusive evidence as to whether Mr. Kashannejad was convicted of the crimes at issue.

C.    <u>Res Judicata and Collateral Estoppel</u>

Second, Mr. Kashannejad asks the Court to reconsider the denial of his request for an order barring Defendants (or another federal agency) from initiating deportation proceedings against him prior to termination of his LTR status. In its order, the Court denied the request because it found judicial estoppel inapplicable. In the pending motion, Mr. Kashannejad does not dispute the inapplicability of judicial estoppel; rather, he contends that res judicata or collateral estoppel should preclude Defendants from initiating deportation proceedings prior to termination of his LTR status.

The Court denies the request for relief. Mr. Kashannejad did not argue either res judicata or collateral estoppel in his summary judgment papers. Therefore, he cannot raise the arguments now in a motion to reconsider. *See* Civ. L.R. 7-9(b)(3) (requiring a manifest failure by the court to consider dispositive legal arguments which were presented to the court before issuance of its interlocutory order).

Furthermore, Mr. Kashannejad's arguments on the merits are not persuasive. Res judicata is patently inapplicable because it deals with claim preclusion. *See Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (stating that "'[r]es judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties'"). In the prior action, INS did not assert any claims against Mr. Kashannejad. Rather, the prior action was a writ of mandamus initiated by Mr. Kashannejad in which he sought expungement of an INS detainer. *See* Docket No. 34 (Exhibit E) (Order at 2) (stating that "[p]etitioner requests the court to expunge the detainer lodged against him").

3

1       As for collateral estoppel, it too is inapplicable.

> Three factors must be considered before applying collateral estoppel: "'(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) *the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action*.'"

*McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (emphasis added). In the prior action, Judge Legge did not necessarily decide that INS could deport Mr. Kashannejad only after terminating his LTR status. Rather, Judge Legge simply held that Mr. Kashanannejad's request for expungement of INS detainer was moot because he was no longer in INS custody and there was no indication that INS would pursue custody based on its representation that it could deport only after terminating his LTR status. The Court also notes that collateral estoppel is not applicable where there is a change in the intervening law. *See Bobby v. Bies*, 129 S. Ct. 2145, 2152 (2009) (noting that, "even where the core requirements of issue preclusion are met, an exception to the general rule may apply when a 'change in [the] applicable legal context] intervenes"). As discussed in the Court's summary judgment order, it is now clear that *Matter of Medrano*, 20 I. & N. 216 (1990) has been abrogated by regulation, and that regulation, 8 C.F.R. § 245a.2(u)(2)(ii), allows for deportation proceedings to be initiated before termination of LTR status.

D.      <u>Applicability of 8 C.F.R. § 245a.2(u)(2)(ii)</u>

Third, Mr. Kashannejad contends that, even if Defendants are not precluded by res judicata or collateral estoppel, the Court should find that 8 C.F.R. § 245a.2(u)(2)(ii) has no applicability with respect to his case. Under § 245a.2(u)(2)(ii),

> (A)     [t]he Service may institute deportation . . . proceedings against a temporary resident alien without regard to the procedures set forth in paragraph (u)(2)(i) of this section [*i.e.*, prior to termination of LTR status]:
>
>         (1)     If the ground for deportation arises under section 241(a)(2)(A)(iii) of the Act (8 U.S.C. § 1251(a)(2)(A)(iii)) [aggravated felony];
>
>         (2)     If the ground for deportation arises after the acquisition of temporary resident status, and the basis of such ground of deportation is not waivable pursuant to section 245A(d)(2)(B)(ii) of

4

    the Act (8 U.S.C. § 1255a(d)(2)(B)(ii)) [providing that certain
    provisions of 8 U.S.C. § 1182(a) may not be waived]; . . . .

8 C.F.R. § 245a.2(u)(2)(ii). Mr. Kashannejad argues that his prior convictions did not constitute aggravated felonies. He further contends that his prior convictions do not constitute the type of crimes that are not waivable.

   As above, the Court denies the request for relief. Even if the Court assumes that Defendants will commence deportation proceedings against Mr. Kashannejad upon his return to the United States,[2] it would not be proper for the Court to opine on the applicability of the regulation because, should a removal order actually be issued, judicial review would not lie with this Court. *See* 8 U.S.C. § 1252(a)(5) (providing that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act," with certain exceptions inapplicable to case at bar). The Court does note, however, that Mr. Kashannejad has failed to address Defendants' contention that he could be subject to deportation prior to termination of LTR status because, under 8 U.S.C. § 1182(B), he has multiple convictions for which the aggregate sentences were five years or more. *See* 8 C.F.R. § 245a.2(u)(2)(ii)(2) (allowing for deportation prior to termination of LTR status if the ground for deportation arises after the acquisition of LTR status and the basis is not waivable under 8 U.S.C. § 1255a(d)(2)(B)(ii)); 8 U.S.C. § 1255a(d)(2)(B)(ii) (providing that 8 U.S.C. § 1182(a)(2)(A) *and* (B) may not be waived); 8 U.S.C. § 1182(a)(2)(B) (providing that "[a]ny alien convicted of 2 or more offenses . . . , regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, for which the aggregate sentences to confinement were 5 years or more is inadmissible").

///

///

---

[2] Title 8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision or action by the Attorney General to commence proceedings . . . ." 8 U.S.C. § 1252(g). The Ninth Circuit has construed § 1252(g) "to include not only a decision in an individual case *whether* to commence, but also *when* to commence, a proceeding." *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (2002) (emphasis in original).

E. <u>Application of 1995 Law</u>

Finally, Mr. Kashannejad argues that, should he be subject to deportation prior to termination of his LTR status, the Court should require Defendants to apply the law as it existed in 1995 because Defendants could have deported him at that time but simply decided not to and instead delayed moving against him. *See* Mot. at 6 (citing in support *Ramirez-Canales v. Mukasey*, 517 F.3d 904, 910 (6th Cir. 2008) (discussing how the Board of Immigration Appeals (BIA) has used nunc pro tunc orders to remedy the harshness of United States immigration laws – *e.g.*, applying the law as it existed at the time of the violation instead of current). As above, this Court will not grant relief because it would not be appropriate for the Court to intervene since it lacks jurisdiction over any removal order. The Court also notes that, in *Jiminez-Angeles*, the Ninth Circuit specifically found that it lacked jurisdiction under 8 U.S.C.S. § 1252(g) to decide whether the INS should have immediately commenced deportation proceedings. *See* 291 F.3d at 598-99 (holding that "we lack jurisdiction to address Jimenez-Angeles' argument that the INS should have commenced deportation proceedings against her immediately upon becoming aware of her illegal presence in the United States").

F. <u>Miscellany</u>

As a final point, the Court acknowledges Mr. Kashannejad's claim that the administrative closure of his temporary residence "is apparently connected" to a class action being litigated in the Western District of Washington. *See Northwest immigrant Rights Project v. USCIS*, No. 88-379R (W.D. Wash.). Because this claim is entirely speculative at this point, the Court does not consider it. Moreover, the reason for the administrative closure is, for purposes of the prior summary judgment order as well as this order, immaterial. The Court has already ruled that Mr. Kashannejad should be permitted to return to the United States.

///
///
///
///
///

## II. CONCLUSION

For the foregoing reasons, Mr. Kashannejad's motion is denied.

This order disposes of Docket No. 42.

IT IS SO ORDERED.

Dated: December 1, 2011

_____
EDWARD M. CHEN
United States District Judge