**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>　　　　　Defendants.<br>_____/ | No. C-11-2228 EMC<br><br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR ENLARGEMENT OF<br>TIME TO COMPLY WITH COURT'S<br>ORDER**<br><br>**(Docket No. 44)** |

　　　　Previously, the Court ordered Defendants to give to Mr. Kashannejad, by a date certain, the necessary papers so that he could return to the United States or "to otherwise effectuate his return to the United States." Docket No. 40 (Order at 17). In the same order, the Court noted that Defendants could petition for additional time, if necessary, upon a showing of good cause. Defendants have now moved for an enlargement of time to comply with the Court's order.

　　　　In his response to Defendants' motion, Mr. Kashannejad does not quibble with the request for additional time per se. Instead, Mr. Kashannejad mostly disagrees with Defendants as to *how* they should comply with the Court's order. Because Mr. Kashannejad does not present a substantive opposition to the request for additional time and because the Court further finds that Defendants have made an adequate showing as to why additional time is needed, the Court **GRANTS** Defendants' motion. Defendants shall have an additional thirty days from the date of this order to provide Mr. Kashannejad with the necessary papers so that he may return to the United States.

To the extent the parties have a dispute as to what papers should be issued to Mr. Kashannejad, the Court declines to follow Mr. Kashannejad's suggestion that it order Defendants to issue him a replacement I-688 card. It is puzzling that I-688's have purportedly been eliminated, *see* Vinet Decl. ¶ 10, particularly when 8 C.F.R. § 245a.2(n)(3) still seems to refer to I-688's. *See* 8 C.F.R. § 245a.2(n)(3) (providing that, "[u]pon the granting of an application for adjustment to temporary resident status," "[t]he applicant may appear at any Service office and, upon surrender of the previously issued Employment Authorization Document, will be issued Form I-688, Temporary Resident Card, authorizing employment and travel abroad"). Nevertheless, even assuming that I-688's may still be issued, the Court is not inclined to order the issuance of a replacement card because the evidence of record indicates that Mr. Kashannejad traveled abroad likely knowing that he did not have his original card, it having been taken from him in 1989 in conjunction with his arrest for a crime. *See* Docket No. 40 (Order at 10).

Moreover, Mr. Kashannejad seems amenable to having a transportation letter issued and cabled to the U.S. Embassy in Dubai. *See* Pl.'s Resp. at 3. The only issue remaining is whether Mr. Kashannejad must first provide Defendants with his travel itinerary *before* the transportation letter is issued.

Defendants argue that Mr. Kashannejad must provide the itinerary first because "[t]ransportation letters are not open ended and are for a specific purpose, in this case, to allow Plaintiff to travel to the United States." Mot. at 2. In response, Mr. Kashannejad argues that he cannot provide the itinerary first because "it is legally impossible to get either the ticket or confirmed itinerary without first presenting" a transportation letter or some other comparable document such as a I-688. Neither Defendants nor Mr. Kashannejad has provided evidence in support of their or his respective argument. In light of this deficiency, the Court concludes that the simplest way to resolve this dispute is for Mr. Kashannejad to provide to Defendants his *desired* or *intended* date of travel, after which Defendants shall issue a transportation letter that covers that date

of travel as well 30 days thereafter (in the event that Mr. Kashannejad is unable to travel on the desired or intended date of travel, whether because of ticket unavailability or other problem).[1]

This order disposes of Docket No. 44.

IT IS SO ORDERED.

Dated: December 2, 2011

_____
EDWARD M. CHEN
United States District Judge

---

[1] Even if transportation letters are not open ended, Defendants have not provided any evidence demonstrating that a transportation letter providing for a 30-day window of time to travel is not possible.