UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD, | No. C-11-2228 EMC |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S REPLY BRIEF** |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, | **(Docket No. 51)** |
| Defendants. | |
| _____/ | |

On December 1, 2011, this Court issued an order denying Plaintiff Jamshid S. Kashannejad's motion to reconsider. The following day, Mr. Kashannejad filed a reply brief in support of his motion to reconsider. Under Civil Local Rule 7-9(d), Mr. Kashannejad was not permitted to file a reply brief absent leave of the Court. Accordingly, the reply brief was improperly filed and, for that reason alone, could be stricken from the record. In the interest of justice, however, the Court shall briefly address the arguments raised in the brief.

As a preliminary matter, the Court notes that the arguments raised therein are new, *i.e.*, never raised during the summary judgment briefing, and therefore they are barred under Civil Local Rule 7-9(b)(3). *See* Civ. L.R. 7-9(b)(3) (providing that a party moving for leave to file a motion to reconsider must show a manifest failure by the Court to consider, *e.g.*, dispositive legal arguments "which were presented to the Court before such interlocutory order"). Moreover, as the Court held in its December 1 order, it would be improper for the Court to entertain many of the arguments because, should deportation proceedings be initiated against Mr. Kashannejad, judicial review would

not lie with this Court. *See* 8 U.S.C. § 1252(a)(5) (providing that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act"). Thus, to the extent Mr. Kashannejad believes, *e.g.*, that 8 C.F.R. § 245a.2(u)(2)(ii) may not be retroactively applied to him, that is an argument that should be made to the Ninth Circuit on review, not to this Court (assuming that Mr. Kashannejad is subject to a removal order and that he seeks judicial review of that order). Finally, the Court notes that Mr. Kashannejad's res judicata and collateral estoppel arguments lack merit for the reasons already stated in its December 1 order.

IT IS SO ORDERED.

Dated: December 6, 2011

_____
EDWARD M. CHEN
United States District Judge