UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION FOR CLARIFICATION**<br><br>**(Docket No. 59)** |

　　　　Plaintiff Jamshid S. Kashannejad has filed a motion for clarification. In the motion, he argues that a transportation letter is not enough to permit him to return to the United States. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Mr. Kashannejad's motion.

　　　　In their papers, Defendants repeatedly argue that they have never represented that Mr. Kashannejad is admissible into the United States. That is beside the point. What matters is what the Court held in its prior orders, and what the Court held is that the *Fleuti* doctrine is applicable and, under *Fleuti*, Mr. Kashannejad never needed to be "admitted" into the United States (*i.e.*, there was no need for an entry into the country) because he never "departed" in the first place. *See Espinoza-Gutierrez v. Smith*, 94 F.3d 1270, 1276 (9th Cir. 1996) ("The *Fleuti* doctrine itself is a border-crossing mechanism, whereby lawful resident aliens are not deemed to have entered the country if an absence was not intended meaningfully to disrupt permanent residency in the United States."); *id.* at 1273 ("Aside from the *Fleuti* doctrine exception, every alien who comes into the

1  United States is deemed to be 'entering,' and is subject to inspection and must meet admission
2  requirements."). Thus, Defendants, or other agents of the federal government, cannot deny Mr.
3  Kashannejad entry into the United States or otherwise deem him inadmissible. How Defendants
4  secure Mr. Kashannejad's return to the United States is something that the Court essentially left to
5  Defendants' discretion. *See* Docket No. 40 (Order at 17) ("[T]he Court shall give Defendants thirty
6  days to provide Mr. Kashannejad with the necessary papers to return to the United States or to
7  otherwise effectuate his return to the United States."). But if a transportation letter is in fact
8  insufficient to permit Mr. Kashannejad to return to the United States -- *e.g.*, with only a
9  transportation letter, Mr. Kashannejad will be deemed "inadmissible" into the United States -- then
10 Defendants are not in compliance with the Court's prior orders.[1]

11      Accordingly, the Court grants Mr. Kashannejad's motion for clarification. This order
12 clarifies that Defendants are required to secure Mr. Kashannejad's return to the United States. They,
13 or other agents of the United States, cannot prevent his return to the United States by claiming that
14 he is not permitted admission or entry into the country. This ruling, however, does not bar
15 Defendants from putting Mr. Kashannejad into removal (as opposed to exclusion) proceedings upon
16 his return to the country. The Court shall give Defendants until **February 23, 2012** (an extension
17 from January 23, 2012), to provide Mr. Kashannejad with the necessary papers to return to the
18 United States or to otherwise effectuate his return to the United States without being deemed
19 excludable or inadmissible. Defendants shall on February 23, 2012 also file a declaration (with
20 exhibits) detailing the process by which Mr. Kashannejad is to enter the United States. Defendants

---

[1] Of course, even if Mr. Kashannejad never "departed" the country for purposes of the immigration laws, that does not mean that he cannot be put into removal proceedings upon his return to the United States. Potentially, Mr. Kashannejad may be put into removal proceedings prior to termination of his LTR status, *see* 8 C.F.R. § 245a.2(u)(2)(ii), although the Court expresses no opinion about whether that regulation may validly be applied against him. *See* Docket No. 50 (Order at 5) ("Even if the Court assumes that Defendants will commence deportation proceedings against Mr. Kashannejad upon his return to the United States, it would not be proper for the Court to opine on the applicability of the regulation because, should a removal order actually be issued, judicial review would not lie with this Court.") (footnote omitted). But the Court's holding that Mr. Kashannejad never "departed" may still be important for purposes of removal because that may, *e.g.*, inform whether, under § 245a.2(u)(2)(ii), there is a ground for deportation as opposed to a ground for exclusion.

shall also identify a specific official responsible for compliance with this order.  Said official will be subject to contempt should Defendants fail to comply with the orders of this Court.

To the extent Mr. Kashannejad asks for a specific border-crossing document (*e.g.*, an I-688), the request is denied without prejudice.  At this juncture, the Court shall continue to give Defendants discretion as to how best to secure Mr. Kashannejad's return to the country.  To the extent Mr. Kashannejad has asked that the transportation letter cover a 60-day period (rather than a 30-day period), that request is also denied.  Mr. Kashannejad has not submitted any evidence to support his contentions about getting a visa from the UAE.

IT IS SO ORDERED.

Dated: January 23, 2012

_____
EDWARD M. CHEN
United States District Judge

3