United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD, | No. C-11-2228 EMC |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S BRIEF OF FEBRUARY 22, 2012** |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, | **(Docket No. 68)** |
| Defendants. | |
| _____/ | |

      Plaintiff Jamshid S. Kashannejad has filed a brief in which he takes issue with Defendants' compliance with this Court's orders and further asks for certain relief. Having considered Mr. Kashannejad's brief, the Court hereby rules as follows.

      1.     To the extent Mr. Kashannejad asserts that Defendants have failed to comply with the Court's orders, that contention is rejected. In addition, at this juncture, there is insufficient evidence of "road blocking" or delay by Defendants.

      2.     In his brief Mr. Kashannejad states that he will provide travel-related information to Defendants (*i.e.*, desired date of travel and intended carrier and port of entry) only *after* Defendants provide the declaration -- due today -- detailing the process by which he is to return to the United States. This statement by Mr, Kashannejad is not acceptable. It makes it impossible for Defendants to comply with the Court's prior order of January 23, 2012. *See* Docket No. 63 (order). Under that order, Defendants were required to provide -- by February 23, 2012 -- not only a declaration detailing the process by which Mr. Kashannejad is to return to the United States but also the necessary paperwork for him to return to the United States.

3. In light of the circumstances described in (2) above, the Court hereby modifies its prior orders. The Court hereby orders Mr. Kashannejad to provide Defendants with the new desired date of travel and the intended carrier and port of entry by **March 1, 2012**. Defendants shall then have until **March 29, 2012**, to provide Mr. Kashannejad with the necessary paperwork to enable his return to the United States.

4. As the Court previously ordered, once Mr. Kashannejad purchases a ticket(s), he must provide a copy of his itinerary to Defendants. Mr. Kashannejad must serve a copy of his itinerary on Defendants at least **one week** before his first date of travel. Mr. Kashannejad should effect service through this Court's electronic filing system ("ECF").

5. The parties should meet and confer so that Mr. Kashannejad will have at least **two weeks'** notice as to when he may pick up the paperwork from Defendants.

6. In addition, the parties should meet and confer to determine whether there is another U.S. embassy (*i.e.*, other than the one in Dubai) where Defendants can have the paperwork ready for Mr. Kashannejad to pick up. This meet and confer must take place by **March 1, 2012**. By **March 1, 2012**, the parties must also report back to the Court on the results of that meet and confer. Each party shall file a letter brief no longer than two single-spaced pages to report back on the results. If no agreement was reached, then each party should propose what U.S. embassy(ies) should be used. To the extent Mr. Kashannejad maintains that travel to Dubai would be either impossible or very difficult, he must attach to his letter brief **competent evidence** supporting that claim. A naked assertion that travel to Dubai would not be possible will be given no weight.

IT IS SO ORDERED.

Dated: February 23, 2012

_____
EDWARD M. CHEN
United States District Judge

2