UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER RE DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE AND PLAINTIFF'S REQUEST FOR CLARIFICATION AND GUIDANCE**<br><br>**(Docket Nos. 85-86)** |

The Court has reviewed Defendants' response to the order to show cause, dated April 30, 2012, as well as Plaintiff's reply thereto, in which he also makes a request for clarification. Having considered the parties' submissions, the Court hereby rules as follows.

A.    <u>Defendants' Response to Order to Show Cause</u>

Because Defendants have submitted evidence showing that the CBP was contacted prior to issuance of the transportation letter, *see* Vinet Decl. ¶ 5, Defendants have demonstrated substantial compliance with the order to show cause. Accordingly, the Court discharges the order to show cause as to why Mr. Vinet should not be held in contempt for failure to comply with the Court's order of January 23, 2012.

The Court also discharges the order to show cause as to why Defendants should not be ordered to pay the reasonable travel cost for Plaintiff to pick up the new transportation letter from Dubai. Defendants are now willing to mail the transportation letter to Plaintiff, which would obviate the need for Plaintiff to travel to Dubai. However, Plaintiff fairly makes the point that the

transportation letter is only valid for 30 days after the date of issuance, *see* Vinet Decl. ¶ 7; mailing the transportation letter will eat into the 30-day period by which Plaintiff has to make travel plans. Accordingly, the Court modifies its prior orders to require that the transportation letter shall be valid from the date it is sent to Plaintiff and for **45 days** thereafter. The Court shall also require Defendants to mail the transportation letter using a **delivery tracking method**.

In addition to the rulings above, the Court hereby orders that, before Defendants are required to issue the new transportation letter, Plaintiff must (1) return the two transportation letters he previously received in Dubai; (2) provide Defendants with two new photographs; and (3) provide Defendants with an address (presumably in Tehran) where he can receive and sign for a package from Defendants (*i.e.*, the new transportation letter). Plaintiff must mail the above to Defendants using a **delivery tracking method** and must provide Defendants with the delivery tracking information. *See* Vinet Decl. ¶ 9.

Upon receipt of the mailing from Plaintiff, Defendants have **14 days** to mail (using a delivery tracking method) a new transportation letter to Plaintiff. As noted above, the new transportation letter shall be valid for 45 days. Unless Plaintiff otherwise notifies Defendants, the transportation letter shall identify Tehran as the departure city; Los Angeles/LAX as the arrival city/port of entry; and Aeroflot (airline) as the carrier. Plaintiff's obligation to provide a copy of his itinerary to Defendants and within a particular timeframe remains the same as previously ordered.

The transportation letter(s) that Defendants mails to Plaintiff may be sealed, and Plaintiff is hereby advised that, if he breaks the seal(s), that may jeopardize his ability to board the airplane and/or cause complications at LAX. *See* Vinet Decl. ¶ 10. However, to allay Plaintiff's concerns, the Court shall require Defendants to include as part of their mailing to Plaintiff an **unsealed courtesy copy** of the letter so that he may view its contents. The courtesy copy given to Plaintiff (and the courtesy copy alone) may include markings to indicate that it is not an official document. The Court shall also require Defendants to file a declaration certifying that they have issued the new transportation letter in compliance with the Court's order of April 30, 2012, as modified herein. The declaration shall be filed within one week of the mailing to Plaintiff.

B.   Plaintiff's Request for Clarification

Plaintiff's request for a clarification is denied as moot. The Court has already made clear by its order of April 30, 2012, that it not expressed any opinion as to whether 8 C.F.R. § 245a.2(u)(2)(ii) may be applied against him. *See* Docket No. 84 (Order at 3). Its order of October 18, 2011, addressed only the issue of whether Defendants were judicially estopped from asserting the regulation against him. *See* Docket No. 40 (Order at 13-16).

IT IS SO ORDERED.

Dated: May 18, 2012

_____
EDWARD M. CHEN
United States District Judge