UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND OTHER REQUESTS FOR RELIEF**<br><br>**(Docket No. 108)** |

Plaintiff has filed a document in which he asks the Court to reconsider a prior ruling as well as to grant other requested relief. Having considered Plaintiff's submission, the Court hereby **DENIES** Plaintiff's motion in its entirety.

## I. DISCUSSION

A. <u>Reconsideration</u>

Plaintiff first asks the Court to reconsider its prior orders in which it declined to decide the issue of whether 8 C.F.R. § 245a.2(u)(2)(ii) could be retroactively applied to him. *See, e.g.*, Docket No. 50 (Order at 5); Docket No. 53 (Order at 2); Docket No. 63 (Order at 2 n.1); Docket No. 84 (Order at 3). The Court denies the motion to reconsider because Plaintiff has failed to show a material difference in law, a change in the law, or a manifest failure by the Court to consider a dispositive legal argument. *See* Civ. L.R. 7-9(b).

Plaintiff's reliance on a recent decision issued by the Ninth Circuit, *see Garcia v. Thomas*, No. 09-56999, 2012 U.S. App. LEXIS 11635 (9th Cir. June 8, 2012), is unavailing. In *Garcia*, the Ninth Circuit simply held that the Real ID Act (8 U.S.C. § 1252(a)(4)) did not repeal all federal

habeas jurisdiction over the petitioner's claims because it could "be construed as being confined to addressing final orders of removal, without affecting federal habeas jurisdiction." *Id.* at *4. To the extent Plaintiff argues that the Court may express an opinion on the retroactivity of the regulation so long as no final order of removal has been issued, the Court does not agree. Defendants have not made any decision about whether to put Plaintiff into removal proceedings once he returns to the United States. Thus, Plaintiff is asking the Court to provide, in essence, an advisory opinion. The Court also notes that, under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." 8 U.S.C. § 1252(g); *see also Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (2002) (construing § 1252(g) "to include not only a decision in an individual case whether to commence, but also when to commence, a proceeding") (emphasis omitted).

B.   Interlocutory Appeal

In his papers, Plaintiff asks the Court to certify for an interlocutory appeal whether this Court should express an opinion on the retroactivity of 8 C.F.R. § 245a.2(u)(2)(ii). Plaintiff also suggests that the Court should certify for an interlocutory appeal the issue of retroactivity on the merits. The Court denies this request for relief. Plaintiff has made no showing that he has met the standard laid out in 28 U.S.C. § 1292(b). *See* 28 U.S.C. § 1292(b) (providing that, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such an order").

C.   Prosecutorial Discretion

Plaintiff further asks the Court to order Defendants to make a statement as to whether they intend to exercise their prosecutorial discretion and initiate removal proceedings against him (in particular, before termination of his LTR status). This request for relief is also denied. As indicated above, § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence

proceedings, adjudicate cases, or execute removal orders against any alien under this Act," 8 U.S.C. § 1252, and the Ninth Circuit has construed § 1252(g) "to include not only a decision in an individual case whether to commence, but also when to commence, a proceeding." *Jimenez-Angeles*, 291 F.3d at 599 (emphasis omitted).

D.  Law of the Case

Finally, Plaintiff asks the Court to make a determination that it is the law of the case that 8 C.F.R. § 245a.2(u)(2)(ii) has no applicability to him and that instead the rule articulated in *Matter of Medrano*, 20 I. & N. 216 (1990), governs his case. *See id.* at 218 (holding that "the termination process will *precede* the commencement of deportation proceedings against an alien") (emphasis added). This argument has no merit. The case over which Judge Legge presided is a completely different lawsuit from the instant case. The Court also notes that this is an argument that Plaintiff could have raised before but did not.[1]

## II.  CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's request for relief. The Court also notes that it has now rejected Plaintiff's argument that the Court should decide the retroactivity argument at least four times. *See* Docket No. 50 (Order at 5); Docket No. 53 (Order at 2); Docket No. 63 (Order at 2 n.1); Docket No. 84 (Order at 3). Plaintiff is forewarned that, if he moves the Court to reconsider this ruling yet another time, he risks having sanctions imposed on him should the Court conclude that his request for reconsideration is without substantial justification.

IT IS SO ORDERED.

Dated: July 3, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court has already rejected arguments made by Plaintiff that judicial estoppel, res judicata, and/or collateral estoppel is applicable based on the prior proceedings involving Judge Legge.

3