**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMSHID S. KASHANNEJAD,                          No. C-11-2228 EMC

             Plaintiff,

      v.                                         **ORDER RE CONTENTS OF**
                                                 **TRANSPORTATION LETTER**

UNITED STATES CITIZENSHIP AND                    **(Docket Nos. 121, 126)**
IMMIGRATION SERVICES, *et al.*,

             Defendants.
_____/

        As ordered by the Court, Plaintiff and Defendants have submitted for the Court's

consideration proposed language to be used in the transportation letter(s), more specifically, in the

portion addressed to the transportation company.  Having considered the parties' submissions, the

Court hereby rules as follows.

        1.      The Court rejects Plaintiff's proposal that no language on tampering be included.

The Court has already ruled that such language may be included because such language has been

used in other transportation letters not involving Plaintiff.  *See* Docket No. 120 (Order at 2).  The

fact that the original transportation letter given to Plaintiff did not include such language is not

dispositive.  Moreover, Plaintiff has submitted no evidence to support his claim that his proposed

language "is what is generally used in every TL [*i.e.*, transportation letter] issued."  Docket No. 126

(Pl.'s Br. at 2).

        2.      The Court approves the content of the proposed transportation letter submitted by

Defendants, with one exception.  More specifically, the second full sentence shall be simplified to

read as follows: "If it appears that the contents of this letter have been altered (*e.g.*, changes have

been made to the carrier, departure airport, port of entry, and/or dates of validity), or if it appears that the seal of the envelope in which this letter is enclosed has been broken, the Transportation Company is requested not to board the person named above and to report the evidence of tampering to this office at +30-210-720-2490 or after normal business hours to call the **EMBASSY ATHENS DUTY OFFICER CELL NUMBER +30-210-720-2490**."

3.     Plaintiff's request that the transportation letter be modified so that it would not specify the name of the airlines, the port of departure, and so forth is denied.  The Court has already held that Defendants have a good faith basis for wanting such information to be included in the letter.  *See* Docket No. 58 (Order at 2-3) (noting that "that Defendants have a good faith basis for wanting Mr. Kashannejad's transportation letter to include the specific carrier and point of entry (*i.e.*, he may be subject to deportation upon his return prior to termination of his LTR status and, even if not, there appears to be an outstanding warrant for his arrest)").

4.     Plaintiff's request that the transportation letter(s) be sent to the Swiss embassy or Greek embassy in Tehran is denied.  The Court ruled at the case management conference of July 31, 2012, that Plaintiff would have to pick up the letter(s) from a U.S. embassy in Turkey.  *See* Docket No. 120 (Order at 2).  The Court notes that a personal pick-up is advisable in order to avoid the problem previously encountered (*i.e.*, where Plaintiff did not receive through the mail all of the transportation letters that were sent).

5.     This order triggers Plaintiff's obligations as listed in the Court's prior order of August 1, 2012.  *See* Docket No. 120 (order).


IT IS SO ORDERED.


Dated:  August 8, 2012


_____
EDWARD M. CHEN
United States District Judge