United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER RE PLAINTIFF'S FILING OF AUGUST 15, 2012 AND RELATED FILINGS**<br><br>**(Docket No. 133-35)** |

Plaintiff has made a filing, dated August 15, 2012, in which he reports back on his communications with air carriers. Having reviewed Plaintiff's filing and the parties' related filings, the Court hereby orders as follows.

    1.    Defendants shall provide a statement as to whether USCIS is willing to provide Emirate Airline or any other air carrier with a certified statement that it cannot be held liable under any circumstances if, at the port of entry, U.S. officials determine that Plaintiff should not have been boarded or if Plaintiff is ultimately returned or deported. If USCIS is not willing, then Defendants should provide an explanation as to why.

    2.    Defendants shall also provide a statement as to whether there is another way(s) to enable Plaintiff's return to the United States other than by means of a transportation letter. If Defendants disagree with Plaintiff's contention that there are other ways to enable his return, *see, e.g.*, Docket No. 135 (Pl.'s Status Report at 3) (discussing a I-688 and a SB 1 visa), they should explain why those alternatives are not viable.

3. Plaintiff shall contact Lufthanza a second time to determine whether it can issue a transportation letter. Plaintiff should provide to Lufthanza a copy of the transportation letter that leaves blank the name of the transportation company. Defendants made a copy available to Plaintiff on August 13, 2012. *See* Docket No. 132 (Exhibit B). Plaintiff shall not make any comments about the contents of the letter to Lufthanza, nor should he ask Lufthanza any questions about the contents of the letter (*e.g.*, whether it has seen a transportation letter with instructions on tampering). Plaintiff shall not make any comment to Lufthanza about whether or not another transportation carrier (including but not limited to Aeroflot) has accepted or rejected the letter other than to clarify to Lufthanza that, previously, Aeroflot rejected a *different* version of the letter, which the Court ordered to be changed. If Lufthanza rejects the new transportation letter, Plaintiff should ask the air carrier why the letter is being rejected.

4. Plaintiff shall contact KLM Airline a second time to seek clarification as to why the letter is being rejected. As above, Plaintiff shall not make any comments about the contents of the letter, nor should he ask the air carrier any questions about the contents of the letter (*e.g.*, whether it has seen a transportation letter with instructions on tampering).

5. Plaintiff shall contact Aeroflot to determine whether it would be willing to accept the transportation letter as currently phrased if he also provides the air carrier with a certified statement that it cannot be held liable under any circumstances if, at the port of entry, U.S. officials determine that Plaintiff should not have been boarded or if Plaintiff is ultimately returned or deported.

6. Each party shall provide a statement, reporting back on the above issues (as applicable), within a week of the date of this order.

7. A further status conference shall be held by telephone on September 7, 2012, at 11:30 a.m. The parties should contact Betty Lee, the Courtroom Deputy, by September 4, 2012, to coordinate the logistics of the telephone call.

///
///
///
///

2

8. To the extent Plaintiff has asked the Court to order Defendants to respond to his request for the exercise of prosecutorial discretion, the request for relief is denied. The Court previously ruled on a similar request for relief made by Plaintiff and denied it. *See* Docket No. 114 (Order at 2-3). Although Plaintiff has now pointed out that the Ninth Circuit has, in at least some instances, asked the government whether it intends to exercise prosecutorial discretion, *see, e.g.*, *Jex v. Holder*, 668 F.3d 673 (9th Cir. 2012); *Rodriguez v. Holder*, 668 F.3d 670 (9th Cir. 2012), those opinions are cursory and do not shed any light as to the circumstances which prompted the Ninth Circuit's orders.

IT IS SO ORDERED.

Dated: August 28, 2012

_____
EDWARD M. CHEN
United States District Judge