UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD, | No. C-11-2228 EMC |
| Plaintiff, | |
| v. | **ORDER RE PARTIES' FILINGS OF SEPTEMBER 21, 2012** |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, | **(Docket Nos. 144-47)** |
| Defendants. | |
| _____/ | |

The Court has reviewed the parties' filings of September 21, 2012. *See* Docket No. 144-47. Having reviewed those filings, the Court hereby rules as follows.

Based on the evidence submitted by Defendants, the Court is satisfied that (1) Defendants have made their best efforts to ensure that the air carriers will accept the transportation letter at issue and that (2) the air carriers will in fact accept the transportation letter. As Defendants argue, Plaintiff presently has three airline options to return to the United States.

The Court does not find Plaintiff's arguments in his papers persuasive. For example, Defendants have never said that a transportation letter may be issued to a lawful permanent resident only. *See, e.g.*, Docket No. 36 (Reply at 2) (stating that "Plaintiff cannot be issued a transportation letter" because not only is he not a permanent resident but he is also inadmissible, his temporary residence status having been administratively closed); Docket No. 83 (Opp'n at 3) (stating that, "[o]rdinarily, transportation letters are only used for Lawful Permanent Residents who have had their Permanent Resident Card lost, stolen, or expired while outside of the United States and who

have not been out of the United States for more than one year" and that "[t]he issuance of the transportation letter for Plaintiff has been unusual for a number of reasons").

In addition, a SB1 visa is not a viable option because such a visa is available only to a permanent resident, not a temporary resident. Per regulation, an SB1 visa is a visa issued to a "Returning Resident" pursuant to 8 U.S.C. § 1101(a)(27)(A). Section 1101(a)(27)(A) defines a "special immigrant" as "an immigrant, lawfully admitted for *permanent residence*, who is returning from a temporary visit abroad." 8 U.S.C. § 1101(a)(27)(A) (emphasis added). In papers previously filed, Plaintiff referred to and provided a copy of a website which states that a SB1 visa is available to not only a permanent resident but also a "conditional resident." *See* Docket No. 141-1 (website). It appears that the website at issue is one maintained by the U.S. Department of State. *See* http://travel.state.gov/visa/immigrants/info/info_1333.html#overview (last visited 9/24/2012). The problem for Plaintiff is that USCIS's website makes clear that a conditional resident does not include a temporary resident – *i.e.*, a conditional resident is simply "[a]ny alien granted *permanent resident status on a conditional basis (e.g., a spouse of a U.S. citizen; an immigrant investor), who is required to petition for the removal of the set conditions before the second anniversary of the approval of his or her conditional status." http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f614176543f6d1a/?vgnextoid=36c5136d2035f010VgnVCM1000000ecd190aRCRD&vgnextchannel=b328194d3e88d010VgnVCM10000048f3d6a1RCRD (last visited 9/24/2012). Conditional residency is still tied to permanent residency, not temporary residency.

To the extent Plaintiff suggests that the Court should order Defendants to provide him with a temporary resident card and an employment authorization document, that too is not a viable option. Plaintiff has pointed to no evidence that he is eligible for an employment authorization document. *See, e.g.*, 8 C.F.R. § 274a.12. Even if he were, he has admitted that he no longer has his I-688,[1] and

---

[1] Plaintiff left the United States without this document which apparently had been taken from him by the police in conjunction with a prior arrest. Plaintiff seems to have never asked the police for the return of his I-688 prior to traveling outside the United States.

Defendants have provided evidence that they no longer issue I-688s.  *See* Docket No. 139 (Def.'s Br. at 2); *see also* Docket No. 44 (Vinet Decl. ¶ 10).

Finally, Plaintiff has not provided any evidence that Defendants are the ones blocking his return to the United States based on a regulation, rule, or policy that prevents persons outside the United States from returning if they have been outside the United States for more than one year.  For instance, Plaintiff's Exhibit A simply indicates that an applicant for a transportation letter must demonstrate to the federal government that he or she has not been outside the United States for one year or more unless authorized by the federal government.  But here Defendants are not imposing a one-year limitation on Plaintiff and are making a transportation letter available to him.  If airport or airline officials in Tehran are misinterpreting federal law, Defendants are not to blame.

Because Plaintiff has three airline options to return to the United States, the Court hereby orders that Plaintiff inform Defendants (through ECF) within two weeks from the date of this order **(1) which airline carrier he intends to fly on; (2) which embassy in Turkey he would like to pick up the three sealed transportation letters from; and (3) what date he intends to pick up the letters from the embassy**.

Defendants shall have three sealed transportation letters and one courtesy copy available for Plaintiff to pick up at the location and on the date specified by Plaintiff.  The courtesy copy may include markings to indicate that it is not an official document. See Docket No. 88 (order). The transportation letters shall be valid for 45 days.  The content of the transportation letters should be consistent with the terms specified in the Court's order of August 8, 2012.  *See* Docket No. 128 (order).

**After Plaintiff purchases his ticket, he must file a copy of his itinerary (through ECF) at least one week before his first date of travel.**

IT IS SO ORDERED.

Dated:  September 24, 2012

_____
EDWARD M. CHEN
United States District Judge

3