**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>  Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER RE PARTIES' FILINGS FROM OCTOBER 8 TO 11, 2012**<br><br>**(Docket Nos. 155-60)** |

The Court has reviewed the parties filings located at Docket Nos. 155-60. Having reviewed those filings, the Court hereby rules as follows.

## I. DISCUSSION

Previously, the Court ordered Plaintiff to provide certain information (*i.e.*, the air carrier, the embassy in Turkey, and the date for pick-up of the transportation letter(s)) to Defendants by October 8, 2012. *See* Docket No. 148 (order). Plaintiff did not provide this information to Defendants as ordered. It appears that Plaintiff did not provide the information because he is still trying to determine which air carrier to use.

Based on the record, it appears that at least one air carrier -- KLM -- has indicated to Plaintiff that it will accept the transportation letter(s) (*i.e.*, one using the content approved by the Court). Plaintiff, however, seems to want other options because, allegedly, a ticket from KLM will be the

most expensive. *See* Docket No. 149 (Plaintiff's status report) (claiming that a ticket from KLM costs $3,000).[1]

As the Court stated in a previous order, it appears that Plaintiff has at least two other options available to him -- *i.e.*, Emirates and Lufthanza. *See* Docket No. 148 (Order at 3). The Court deemed Emirates and Lufthanza viable options based on evidence submitted by Defendants. For Lufthanza, Defendants submitted an e-mail from a Lufthanza station manager in Los Angeles, stating that he would contact the office in Tehran to let it know that it could accept the transportation letter(s). For Emirates, Defendants submitted an e-mail from an Emirates services manager in Los Angeles, essentially stating the same. *See* Docket No. 144 (Ex. B) (e-mail correspondence).

Subsequently, after Plaintiff suggested that the airline representatives in Tehran were not willing to accept the transportation letter, the Court ordered Defendants "to meet and confer with Plaintiff to determine whether they can assist him in contacting the appropriate airline representative in Tehran from whom he can purchase a ticket." Docket No. 151 (Order at 2). The record reflects that Defendants provided contact information for both Emirates and Lufthanza. For Emirates, Defendants provided the name and e-mail address for a specific individual (sh.hafezalsehe@emirates.com).[2] For Lufthanza, Defendants provided an e-mail address that does not appear to be targeted to a specific individual (thrgt@dlh.ed).

The Court is satisfied that Defendants have met their meet and confer obligation. In addition, the Court is not persuaded by Plaintiff's suggestion that Emirates and Lufthanza are not in fact viable options because he has not heard back from either airline. First, as to Lufthanza, Plaintiff did not use the correct e-mail address, as noted by Defendants. *See* Docket No. 159 (Defendants' status report). Second, as to Emirates, although Plaintiff claims that he has repeated problems with getting the individual to respond to his e-mails, it appears that, only recently did Plaintiff use the

---

[1] The Court notes that Plaintiff has not actually submitted any evidence to support his claim that a ticket with KLM would cost $3,000. Nor has he provided any information about what dates of travel he was selecting to get to an alleged cost of $3,000. The Court's query to the KLM website did not confirm Plaintiff's assertion.

[2] The individual appears to have been a person with whom Plaintiff, on his own initiative, previously communicated.

correct e-mail address. *See* Docket No. 158-1, at 3 (e-mail of October 6, 2012). Prior communications sent by Plaintiff (on September 25 and 26, 2012) were not sent to the correct e-mail address. *See* Docket No. 158-1, at 1 (e-mails of September 25 and 26, 2012) (reflecting that the e-mail was incorrectly sent to "emirate.com" (singular) rather than "emirates.com" (plural)).

Taking into account the above, the Court hereby rules as follows.

1. The Court shall extend the time for Plaintiff to provide the requisite information (*i.e.*, the air carrier, the embassy in Turkey, and the date for pick-up of the transportation letter(s)) to Defendants. Plaintiff now has until three weeks from the date of this order to provide the information.

2. The Court shall not order any change to the content of the transportation letter(s).

3. The Court forewarns Plaintiff that, even if Emirates and Lufthanza do not respond to his e-mails, he still has the option of traveling with KLM. While the cost of the ticket may be high, the Court has already noted that Plaintiff has failed to establish that the cost is unreasonable or that he could not afford the cost of a ticket. *See* Docket No. 151 (Order at 1).

4. To the extent Plaintiff asks the Court for an order compelling Defendants to get Emirates and Lufthanza to communicate with him directly (*i.e.*, send him an e-mail stating that the airline will accept the transportation letter), the Court denies the request for relief. The Court has already denied a similar request in the past. *See* Docket No. 151 (Order at 2).

5. To the extent Plaintiff asks the Court to order Defendants to reach out to other airlines, in particular, Aeroflot, the request is denied. Defendants previously submitted information demonstrating that it did reach out to Aeroflot to let the airline know that it could issue a ticket and board Plaintiff based on the transportation letter without incurring any fine or penalty. *See* Docket No. 144 (Ex. A).

6. At this juncture, Plaintiff's repeated filings are imposing a burden on the Court, particularly given that many of the filings revisit issues that the Court has already ruled on (and on multiple different occasions). Accordingly, as to the issue of the transportation letter(s), the Court hereby bars Plaintiff from making any additional filings in this case, with two limited exceptions: (a) Plaintiff shall file a statement providing Defendants with the information required above in

paragraph 1 and (b) Plaintiff has leave to file a request for relief should Defendants fail to provide the transportation letter(s) (*i.e.*, after Plaintiff has provided the information required above in paragraph 1).

IT IS SO ORDERED.

Dated: October 12, 2012

_____
EDWARD M. CHEN
United States District Judge

4