UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>       Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>       Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER RE STATUS REPORTS**<br><br>**(Docket Nos. 169-171)** |

Plaintiff has filed a status report in which he claims that there were problems with the transportation letter(s) provided by Defendants (via the Swiss embassy). For example, Plaintiff points out that the content of the transportation letter(s) does not comply with the Court's prior order. *See* Docket No. 128 (order). Plaintiff also points out that the transportation letter(s) erroneously refers to Aeroflot at one point instead of Emirates. Finally, Plaintiff opines that "[i]t is highly unlikely that the envelope addressed to CBP contains all documents that are ordered by the [C]ourt" -- *i.e.*, both the Court's order of April 30, 2012, *see* Docket No. 84 (order), and the Mulraney declaration of April 26, 2012, *see* Docket No. 83 (declaration) -- because of differences in weight between the various letters. Plaintiff asserts that the above problems establish that Defendants have purposefully defied the Court's orders and therefore he is entitled to relief, more specifically, (1) a "temporary resident card, and any other document to allow him to purchase [a] ticket, board the plane, and return to the United States" and (2) reimbursement "for all needless costs that [Defendants] have caused him." Pl.'s Status Rpt. at 2-3.

In response, Defendants filed their own status report, in which they essentially admit to the first two errors. Defendants, however, maintain that the errors were inadvertent mistakes and note that they conveyed such to Plaintiff immediately upon receiving his status report. Defendants do not expressly address Plaintiff's final claim of error; however, they implicitly do so by arguing that there is no need for the air carrier transportation letters to have as attachments the Court's April 30 order and the Mulraney declaration as those documents are directed to the attention of CBP, and not the air carrier. *See* Defs.' Status Rpt. at 2. Finally, Defendants propose a plan as to how the Court should proceed.

With respect to Plaintiff's request for relief, it is hereby **DENIED**. While the Court is not unsympathetic to Plaintiff's frustration, there is insufficient evidence to establish that Defendants have acted in bad faith. Indeed, the fact that Defendants immediately contacted Plaintiff upon receiving his status report indicates to the contrary. For this reason alone, the relief requested by Plaintiff is inappropriate. In addition, the Court notes that a temporary resident card is not an option, as it has previously held in other orders. *See, e.g.*, Docket No. 148 (Order at 3) (taking note that "Defendants have provided evidence that they no longer issue I-688s"). As for Plaintiff's request for reimbursement, it is not appropriate as a brief delay in reissuing new transportation letters will not cause him any real monetary damage.

While the Court thus denies Plaintiff's request for relief, it does not condone Defendants' conduct. Even though Defendants appear to have acted inadvertently, their sloppiness (for lack of a better word) has engendered yet another problem. The parties will now have to go through another round of getting the transportation letters to Plaintiff. Defendants have proposed a reasonable plan as to how to get those transportation letters to Plaintiff, which the Court largely adopts (as itemized below). To ensure that there are no further problems, the Court shall require Defendants to provide a declaration, once those transportation letters are sent, certifying that they have complied with this order. The declaration shall also include as an attachment the courtesy copy of the transportation letter given to Plaintiff. The declaration must be provided by a person with personal knowledge, and this person risks being subject to sanctions if there is a failure by Defendants to comply with this

order.  **The declaration shall be filed within two business days of the transportation letters being sent to the American Embassy in Switzerland.**

As to how the new transportation letters shall be given to Plaintiff, the Court orders as follows:

1. Within two business days of the date of this order, Defendants shall issue new transportation letters to Plaintiff.[1]  The content of the letters shall match the content of the letter submitted by Defendants as Exhibit D (attached to its status report of November 28, 2012), except for the dates which will need to be filled in.  *See* Docket No. 170 (Exhibit D).

2. Two sealed letters shall be prepared for the air carrier, Emirates Airlines.  Although the Court agrees with Defendants that the air carrier likely has no interest in the two attachments referred to the CBP portion of the letter, those attachments shall still be included as a part of the letters to the air carrier (if only to ensure that the air carrier will not reject the letters because they lack the attachments).

3. One sealed letter shall be prepared for CBP.  This letter, like the letters for the air carrier, shall include the two attachments referred to in the CBP portion of the letter.

4. Previously, the Court required its order of April 30, 2012, *see* Docket No. 84 (order), to be one of the two attachments referred to in paragraphs 2 and 3 above.  However, the Court agrees with Defendants that, given the passage of time, it makes sense for *this* order (in lieu of the April 30 order) to be attached instead.  The Court reaffirms in this order that Defendants must instruct CBP to admit Plaintiff (Jamshid Kashannejad) as a returning lawful temporary resident, if and when he arrives at LAX, and that CBP Section Chief Bruce R. Mulraney has provided a declaration certifying that, if Mr. Kashannejad arrives at LAX, CBP will admit him as a returning lawful temporary resident.

5. An unsealed courtesy copy of the transportation letter shall be provided to Plaintiff.  The courtesy copy may contain a watermark to make clear that it is not a valid transportation letter.  The courtesy copy shall also include the two attachments referred to in paragraphs 2-4 above.

---

[1] Defendants have represented that they have sufficient photos of Plaintiff to issue new letters.  *See* Defs.' Status Rpt. at 2.

6. Within two business days of the date of this order, the transportation letters shall be sent from USCIS in Greece through the American Embassy in Bern, Switzerland, to the Swiss Embassy in Tehran. The delivery shall be accomplished by the means explained in Defendants' status report of November 6, 2012, and the accompanying Vinet declaration. *See* Docket No. 166 (report and declaration).

7. Once the transportation letters arrive at the Swiss Embassy, Plaintiff shall be notified to pick up the letters by email at the email address that he has on file with the Court. Plaintiff shall have five business days to pick up the letters. Upon his arrival at the Swiss Embassy, Plaintiff must first return the transportation letters for the air carrier and CBP that were previously delivered to him on November 21, 2012 (Plaintiff may keep his courtesy copy), before the Swiss Embassy will deliver the new letters to him.

8. The travel letters shall be valid for forty-five days.

9. Plaintiff shall provide his itinerary for traveling to LAX in a filing with the Court at least seven days prior to travel.

10. As discussed above, Defendants shall provide a declaration certifying compliance with this order within two days of the transportation letters being sent to the American Embassy in Switzerland.

IT IS SO ORDERED.

Dated: November 30, 2012

_____
EDWARD M. CHEN
United States District Judge