UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR CLARIFICATION**<br><br>**(Docket No. 173)** |

    Plaintiff has filed a brief titled "Request for Clarification." Although titled such, the request is really a request for modification, and not one for clarification. Defendants thereafter filed a response and Plaintiff a reply (titled a "Status Report"). Plaintiff's request is hereby **GRANTED** in part and **DENIED** in part.

    Plaintiff asks first that the Court order the transportation letter(s) to the air carrier not include the Mulraney Declaration as an attachment. Plaintiff argues that attaching the declaration would be prejudicial to his interests because it contains a statement that there is an open arrest warrant for Plaintiff. The Court does not find the declaration prejudicial. In his declaration, Mr. Mulraney simply notes that it is his understanding that there is an open arrest warrant and that, "if Pomona wants to pick up Mr. Kashannejad, CPB will issue a Form I-245 and turn him over to local law enforcement for transportation to Pomona." Docket No. 83 (Mulraney Decl. ¶ 5). The declaration does not refer to what the alleged crime is. Moreover, it is unlikely that the air carrier would read through the Mulraney declaration in the first place as it is directed to the attention of CBP, not the

carrier. All that the carrier has an interest in is not being held liable for transporting Plaintiff and that is attested to in the part of the transportation letter(s) addressed to the carrier. Even if the air carrier did read the declaration, that does not detract from the promise of immunity from liability as stated in the transportation letter(s). Finally, the Court notes that its decision to include the Mulraney declaration as an attachment was to ensure that the air carrier would *not* reject the transportation letter(s) on the ground that it was purportedly incomplete for not having the declaration (and Court order) attached.

In his second request, Plaintiff legitimately points to the fact that it is not clear from the Court's order the exact date that the transportation letter(s) will expire. Plaintiff asks that the Court order the parties to meet and confer on the date. However, because a meet and confer will likely result in further delay, the Court declines to follow this approach and instead orders as follows. Defendants now have until December 7, 2012, to issue the transportation letter(s) and send the letter(s) to the American embassy in Switzerland. The start date for the validity of the letter(s) shall be January 4, 2013. Defendants shall make their best efforts to ensure that the letter(s) arrive in Tehran no later than January 4, 2013. Thus, *e.g.*, Defendants should not delay in sending the letter(s) from the American embassy in Bern to the Swiss embassy in Bern. As previously ordered, the transportation letter(s) shall be valid for forty-five days (*i.e.*, from January 4, 2013 to forty-five days thereafter). This should be ample time for Plaintiff to purchase a ticket, even taking into the time it will take for the letter(s) to be sent to Tehran.

IT IS SO ORDERED.

Dated: December 4, 2012

_____
EDWARD M. CHEN
United States District Judge