UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER DENYING PLAINTIFF'S<br>"GENERAL CHALLENGE TO THE<br>REGULATION 245a.2(u)(2)(ii) ON<br>BEHALF OF ALL LTR HOLDERS IN<br>SIMILAR SITUATION[S]"**<br><br>**(Docket No. 180)** |

Plaintiff has filed yet another brief in which he seeks to have this Court adjudicate the validity of 8 C.F.R. § 245a.2(u)(2)(ii). This Court has repeatedly rejected Plaintiff's arguments, noting, *e.g.*, that they were premature as Defendants had made no decision yet to initiate removal prior to termination of his LTR (legal temporary resident) status; that, under 8 U.S.C. § 1252(g), this Court lacks jurisdiction over the government's decision whether to commence removal proceedings; and that, under 8 U.S.C. § 1252(a)(5), a challenge to a removal decision must be made to the Ninth Circuit, not this Court. *See* Docket Nos. 50, 53, 63, 84, 88, 114, 154 (orders).

In the pending brief, Plaintiff now argues that he is making a "general challenge" – both on his behalf and on behalf of all others similarly situated – to § 245a.2(u)(2)(ii), which allows for initiation of removal proceedings prior to termination of LTR status. Plaintiff argues that he and others are entitled to relief because (1) the Attorney General had no authority to issue § 245.2(u)(2)(ii) and because (2) the regulation deprives him and others of judicial review.

1  To the extent Plaintiff seeks as relief an order from this Court holding that § 245a.2(u)(2)(ii)
2  should not be applied to him, the request for relief is **DENIED**.

3  As a preliminary matter, the Court notes that Plaintiff has no standing to make any argument
4  on behalf of anyone other than himself. Plaintiff did not bring a class action. Even if he had, no
5  class has been certified.

6  More important, even to the extent Plaintiff seeks only relief for himself, the relief sought is
7  not justified.

8  First, Plaintiff is essentially asking the Court to reconsider its prior orders in which it refused
9  to consider the applicability of § 245a.2(u)(2)(ii) to him. However, Plaintiff has not met the
10 standard set out in Civil Local Rule 7-9(b), which governs motions to reconsider. For example,
11 Plaintiff has failed to show that, "in the exercise of reasonable diligence," he was not able to bring
12 up the new arguments in his prior briefs regarding § 245a.2(u)(2)(ii). Civ. L.R. 7-9(b)(1).

13 Second, even if the Court were to overlook this procedural problem, Plaintiff's new
14 arguments fail on the merits. For example, Plaintiff still has failed to show that the issue is ripe for
15 review as Defendants have made no concrete decision as to whether to initiate removal proceedings
16 against him prior to termination of his LTR status. In addition, Plaintiff cites no authority to support
17 his new argument that the Attorney General lacked the authority to issue § 245a.2(u)(ii). In fact, 8
18 U.S.C. § 1103, as it existed in 1995 when § 245.a(u)(2)(ii) was issued, suggests to the contrary. *See*
19 8 U.S.C. § 1103(a) (1995) (providing that "[t]he Attorney General shall be charged with the
20 administration and enforcement of this Act and all other laws relating to the immigration and
21 naturalization of aliens" and further providing that "[h]e shall establish such regulations; prescribe
22 such forms of bond, reports, entries, and other papers; issue such instructions; and perform such
23 other acts as he deems necessary for carrying out his authority under the provisions of this Act").

24 Finally, Plaintiff's suggestion that there is no judicial review is unsupported. Indeed,
25 Plaintiff has cited no authority that would preclude Plaintiff, in taking a challenge to a removal order
26 (should one issue) to the Ninth Circuit, from arguing that § 245.a(u)(2)(ii) has no applicability to
27 him. The case on which Plaintiff relies, *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43 (1993),
28 is not on point. *See id.* at 63 (noting that front-desking practice being challenged "would effectively

exclude an applicant from access *even to the limited administrative and judicial review procedures established by the Reform Act*") (emphasis added).

Accordingly, Plaintiff's request for relief is denied. Plaintiff is forewarned that, if, in the future, he asks the Court to once again reconsider one of its multiple rulings regarding § 245a.2(u)(2)(ii), **he must meet the standard set out in Civil Local Rule 7-9(b**)**; if he fails to do so, he risks being sanctioned by this Court, which could include a monetary penalty and other sanctions (including dismissal)**. While the Court is not without sympathy for Plaintiff's situation, the Court will no longer tolerate his repeated filings over the same issue. By the Court's count, this is the eighth order issued by the Court on § 245a.2(u)(2)(ii).

This order disposes of Docket No. 180.

IT IS SO ORDERED.

Dated: December 11, 2012

_____
EDWARD M. CHEN
United States District Judge