UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>          Defendants.<br>_____/ | No. C-11-2228 EMC<br><br>**ORDER RE STATUS REPORTS**<br><br>**(Docket Nos. 184-86)** |

On February 7, 2013, Plaintiff filed a status report. *See* Docket No. 184. On February 25, 2013, Defendants filed a status report in response. *See* Docket No. 185. Plaintiff thereafter filed a response on February 26, 2013. *See* Docket No. 186. In his papers, Plaintiff basically claims that, in spite of his best efforts, Emirates Airlines has refused to sell him a ticket. Plaintiff asks, in essence, that the process be started again (with certain changes) with a new carrier, KLM. Defendants propose a method of proceeding with Emirates. Having reviewed the parties' submissions, the Court hereby rules as follows.

1.   Defendants have made a sufficient offer of proof that -- contrary to what Plaintiff represents -- Emirates was willing to assist him. The Court also notes that Plaintiff appears to have given incorrect information to Emirates. *See* Docket No. 185, Ex. A (e-mail from Ms. Hafezalsehe to Mr. Tuite, dated February 18, 2013) (stating that Plaintiff "said that he had valid travel document inside sealed envelope which he was agreed too *that this envelope could not be opened till he reaches to destination*") (emphasis added).

2. Defendants have made a sufficient offer of proof that Emirates is currently willing to sell Plaintiff a ticket (if the purchase is made within the next week, even though the transportation letter expired on February 18, 2013).

3. Although the Court has ordered Defendants to facilitate Plaintiff's return to the United States, there are limits to what Defendants are able to do, as well as the Court. The Court is satisfied that Defendants have been making their best efforts and further has concerns that Plaintiff's actions have actually hampered his ability to return (*e.g.*, giving Emirates incorrect information, not notifying the Court about the purported problem with Emirates until approximately 10 days before the transportation letter was due to expire). The Court shall make one final attempt to assist Plaintiff.

4. Although the transportation letter has technically expired, Defendants have made arrangements with Emirates that will allow Plaintiff to submit the expired letter and still purchase a ticket, so long as certain conditions are met. The Court has reviewed those conditions and finds them, for the most part, reasonable. To the extent Plaintiff claims that he could suffer severe consequences if he tried to travel with an expired transportation letter, *see* Docket No. 186 (Pl.'s Status Report at 4), he has not made an adequate offer of proof. Moreover, Defendants cannot be blamed for Plaintiff having signed a document admitting to guilt of leaving the country illegally.

   a. Accordingly, if Plaintiff wishes to return to the United States, then he must return to the Emirates office in Tehran **within one week of the date of this order** and specifically ask to speak with Ms. Hafezalsehe. Plaintiff shall bring with him the transportation letters; a copy of the November 9, 2011, decision from USCIS in which the agency restored his status to that of a lawful temporary resident, *see* Docket No. 185 (Exhibit C); and a copy of this order. Plaintiff should purchase a ticket for a flight from Tehran to Dubai to Los Angeles. If Plaintiff has any trouble, he should immediately contact a representative of Defendants by telephone. Defendants are ordered to provide a name and telephone number for a representative **within one day of the date of this order** (via ECF). Defendants' representative should be prepared to address any concerns raised by Ms. Hafezalsehe concerning the ticketing. The telephone number for the representative should be one at which the representative is available on, in essence, a 24-hour basis. Defense counsel,

1 Victor M. Lawrence, should also make himself available to assist the representative (assuming that
2 he is not designated the representative).

3       b.      As soon as Plaintiff purchases the ticket (seven days in advance of travel), he
4 shall within 24 hours make a filing (via ECF) notifying the Court and Defendants of the purchase of
5 the ticket.  At that point, Defendants shall work with their contacts at Emirates to ensure that
6 Plaintiff is able to board the flight with the travel documents in his possession.  To the extent
7 Plaintiff has any difficulty boarding the flight, he should immediate call Defendants' representative
8 and advise of the problem.  In addition, Defendants shall work with CBP at LAX to ensure that
9 Plaintiff experiences no difficulty upon his arrival in Los Angeles with the travel documents in his
10 possession.  To the extent he has any problem, he should immediately contact Defendants'
11 representative.

12       c.      **Within two weeks of the date of this order**, Defendants shall submit a
13 declaration, testifying as to whether they have complied with this Court's order.  Defendants should
14 also provide any details regarding their assistance in Plaintiff's return to the United States.  Upon
15 review, should the Court find that Defendants satisfied their obligations set forth  herein, then it shall
16 **(1) discharge Defendants from any additional obligation to facilitate Plaintiff's return to the**
17 **United States, (2) enter a judgment in favor of Plaintiff but make clear that no relief is**
18 **otherwise available to Plaintiff, and (3) close the file in this case**.

20     IT IS SO ORDERED.

22 Dated: February 26, 2013

24 _____
    EDWARD M. CHEN
    United States District Judge

3