United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID S. KASHANNEJAD, | No. C-11-2228 EMC |
| Plaintiff, | |
| v. | **ORDER RE PARTIES' STATUS REPORTS** |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, | **(Docket Nos. 198-201)** |
| Defendants. | |
| _____/ | |

Plaintiff has filed two status reports in which he essentially asks the Court to delay closure of the case so that he may obtain permission from authorities in Iran to leave the country. Having considered Plaintiff's status reports, as well as Defendants' responsive status reports, the Court hereby rules as follows.

1. To the extent Plaintiff argues that Defendants have failed to comply with the Court's order of April 3, 2013, the Court rejects that argument. First, the Court never required Defendants to submit any evidence regarding their contact with Emirates and CBP. *See* Docket No. 197 (order). Second, Defendants have now offered proof that they did contact Emirates and CBP. *See* Docket No. 199 (status report). That Emirates may not have responded to Defendants is immaterial. Finally, Plaintiff's second status report (not to mention Defendants') establishes that there was no problem with him boarding the plane from the airline's perspective. The only reason why Plaintiff did not board the plane was because he was purportedly told, either by the "passport police" or the "airport police" that he could not leave Iran without the permission of Iranian authorities (which was apparently consistent with what he was told by an Iranian attorney). *But see* Docket No. 201 (Ex. 1)

1  (e-mail, dated April 14, 2013, from B. Afshar to V. Lawrence, *et al.*, stating that "I have also checked with immigration office at the airport" but that Plaintiff was "not referred to immigration gates and there is no record for manual rejection as they don't keep any record for that," although "there is a possibility that his name was in [the immigration office's] manual list").

2. The evidence of record establishes that Defendants did all that was necessary to ensure that Plaintiff could travel on April 14, 2013, on Emirates.

3. Since approximately September 2010, Plaintiff has been aware of the fact that he signed a statement "confess[ing] that he had left [Iran] illegally, or without permission." Docket No. 198 (Pl.'s Status Report at 2). Since at least February 26, 2013, Plaintiff has been specifically aware that his attempt to leave Iran could be a problem because of this confession. *See* Docket No. 186 (Pl.'s Status Report at 3-4). Since March 13, 2013, Plaintiff has known that the Court would close the file in the case on April 15, 2013. *See* Docket No. 194 (order). Yet in spite of all of the above, between March 4, 2013 (*i.e.*, the date Plaintiff purchased a ticket from Emirates) and April 5, 2013, Plaintiff did nothing to address the problem with his leaving Iran based on Iranian law. Plaintiff did not consult with an attorney about the issue until April 6, 2013, approximately a week before his date of travel. Based on Plaintiff's own evidence, had he acted in a more timely fashion, this problem could have been cured in 10 working days. *See* Docket No. 198 (Pl.'s Decl. ¶ 3).

4. Because Plaintiff's inability to return to the United States on April 14, 2013, was a result of his own actions (or rather inactions) and not Defendants, the Court declines Plaintiff's requested relief. **Per the Court's prior orders, the Clerk of the Court is instructed to enter a final judgment in favor of Plaintiff and close the file in the case. Defendants are discharged from any further obligation to assist Plaintiff in his return to the United States.** *See* Docket Nos. 194, 197 (orders).

IT IS SO ORDERED.

Dated: April 15, 2013

_____
EDWARD M. CHEN
United States District Judge